Curia, per Frost, J.
It is not found by the special verdict,- but it has been admitted in the argument of the case, that when Steedman endorsed the name of Stamuel Warren, he acted under a formal power of attorney, which was deposited with the bank, whereby Warren constituted Steedman his attorney, “ for him and in his name to make, sign, draw and endorse all promissory notes and drafts which may be offered for discount at the Bank of the State of South Carolina, and all renetvals thereof; and to draw all monies, at any time standing to his credit on the books of the said Bank ; with power also an attorney or attorneys under him, for that purpose, to make and substitute ; and to do all lawful acts for effecting the premises; and ratifying and confirming all that his said attorney or his substitute shall do therein, by virtue of this power.”
The only question that will be considered is, whether under this power Steedman was authorized to receive for Warren, notice of the non-payment of the note.
The power conferred a special agency with respect to notes and drafts, to be discounted in the Bank, that Steedman should make and endorse them. In Atwood v. Munnings, Bay ley, J. says powers of attorney are instruments to strictly construed. “ Formal instruments of this sort (powers of attorney) are ordinarily subjected to a strict interpretation, and the authority is never extended beyond that which is given in terms, or which is necessary and proper for carrying the authority so given, into full effect.” “ Language, however general its form, when used in connexion with a particular subject matter, will be presumed to be used in subordination to that matter; and therefore it is to be construed and limited accordingly ; and it will make no difference that this general language is found- in very formal instruments, as a letter of attorney.”
An agency to endorse is a very different thing from an agency to receive notice. By endorsement a conditional liability is contracted ; and by the acceptance of notice the liability is made absolute. Convenience may require the appointment of an attorney to endorse, which may not require an attorney to receive notice. No person employs an agent to do that which he can, as conveniently, do himself. In the *102 construction of a doubtful power, it should be presumed that it is not the intention of the grantor to confer an agency in ' particulars for which it is not necessary. It is not necessary nor incident to a power to endorse that the agent should be authorized to receive notice of the dishonor of the bill or nonpayment of the note. It is important to the endorser that the holder should perform to him, personally, the condition which fixes his liability. It is his right to enforce a strict fulfilment of the terms of his contract. He is interested that the timely caution to protect himself which is secured to him from the holder, should not be prevented or delayed by the possible neglect of another. He alone can take the measures necessary for his indemnity when the first party makes default. An agent to receive notice is inefficient for any of these purposes, which make the receiving of it so important to the endorser, and the giving of it so imperative on the holder ; unless, indeed, with the power to receive notice, is also implied a power to do whatever the principal might himself do, if notice were given to him. Such an agent has no power to protect his principal, and can only be instrumental to his liability. When an agency is conferred to endorse notes, the presumption must be altogether against the intention to include in that agency, authority to receive notice. If an obligation be executed, by an attorney, by which the obligor binds himself that if a certain person does not, on demand, on a day stated, pay a certain sum of money to the obligee, and in case of non-payment, if the obligee give to the obligor notice thereof, within one month after such such default, that the obligor will pay to the obligee the said sum of money, it is clear that the notice to charge the obligor cannot be given to the attorney. The liability created by an endorsement is nearly coincident with the condition of the supposed obligation. The powers of attorney by which these respective liabilities may bve created, cannot be distinguished. If the powers are granted in equivalent terms, the construction of both must be the same. The usage and custom of Banks cannot vary the decision. The meaning and effect of a deed, and of every written contract, is a question of law. Parol evidence nor extraneous circumstances cannot be admitted to vary or explain the literal import. While the same words express the same thing, if the attorney cannot receive notice for the obligor, neither can he for the endorser.
In Story on Promissory Notes, the law is stated t,o be, that when a promissory note is endorsed by an agent or attorney, in the name of his principal, under an authority to endorse notes, that is not a sufficient authority for him to receive notice of the dishonor of a note ; for an authority to endorse does not include an authority to receive notice of dishonor. Bay-ley on bills, 274, is an authority to the same effect. In Loui *103 siana it was held that if an attorney in fact has no special power to receive notice, notice of a protest cannot properly be given to him. To the same effect is Montillet v. Duncan, in which the’rule applied was, that strict proof is required of the authority of a third person to receive notice in behalf of an' endorser. And in Wilcox v. Routh, while the power of attorney in that case was by a majority of the court held sufficient, Sharkie, C. J. who delivered the'opinion of the Court, referring to the citation from Bayley on Bills, admits that the authority to endorse notes does not carry with it a power to receive notice. He adds, that cannot be questioned. Such a power is special and confines the agent to the single act.
Against these authorities is to be found only the intimation of an opinion to the contrary by Lord Tenterden in Frith v. Thrush. He says, “it struck me at the trial that as Major was the agent for the purpose of endorsing the bill, he was also agent for the purpose of receiving notice of the dishonor. I still incline to be of that opinion.” The case was decided on other evidence of notice.
The motion is refused.
The whole Court concurred.

Motion refused.